### SONDLEY v. JOSEPH CALDWELL.

### SAME v. ANGELINA C. CALDWELL.

### SAME v. GIBSON.

1. Where a party takes a deed of conveyance to land, his wife's inchoate right of dower at once attaches, and cannot be defeated by his subsequent acts of omission; therefore he having neglected to record his deed, and his grantor having subsequently mortgaged the land to others, the wife is entitled to her dower out of the land in the hands of purchasers at a sale made for the foreclosure of said mortgages.
2. The plea of purchaser for valuable consideration without notice is equitable in its character, and has no proper application to a claim purely legal like that of dower.

Before NORTON, J., Newberry, November, 1887.

The opinion states the case.

*Messrs. Suber & Caldwell*, for appellants.

*Mr. Geo. S. Mower*, contra.

June 14, 1888.    The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.    The three cases above, as they involved substantially the same facts and the same questions of law, were heard together in this court.    Richard C. Sondley, deceased, at one time owned a certain tract of land situate in Newberry County of this State.    On November 21, 1872, he conveyed this land by deed to his son, John R. Sondley, in consideration of five thousand dollars, as expressed in said deed. The demandant was the wife of the said John R. at the time of this conveyance, which conveyance was not recorded until December 18, 1884.    In the mean time, and before said recording, to wit, in the year 1877, Richard C. Sondley, the grantor of John R., mortgaged the tract so conveyed to John R. to one Henry Koon, and also in 1883, to C. & G. S. Mower, both of which mortgages were duly recorded.    These mortgages were both foreclosed by regular proceedings begun in 1883, under which a sale was made in 1885, the defendants herein each purchasing a portion, and receiving deeds from the master.

John R. Sondley, the husband of demandant, died in 1886, and in 1887 she petitioned the Probate Court for dower in each portion of the land.    The probate judge decreed in her favor, which decree, on appeal to the Circuit Court, was affirmed by his honor, Judge J. J. Norton.    The appeal of the defendants denies that John R. Sondley, the husband of the demandant, had such title to the lands in question as would authorize a claim for dower by his widow, on the ground that the title of the said John R. was void as to the subsequent notes and mortgages of Koon and Mower, contracted before the recording of said title, and under the foreclosure of which they purchased.    They also interposed the plea of purchaser for valuable consideration without notice, and that they are entitled to all the protection by law for *bona fide* creditors whose demands arose subsequent to the execution, and prior to the recording of a deed by their debtor, and in the absence of other notice of the execution of such deed.    These are the questions before us now on appeal.

As to the first question. It is not necessary to cite authority for the position that, as a general rule, a widow is entitled to dower in all the lands of which her husband was seized during coverture, contingent and inchoate during the coverture, but fixed and complete upon his death. Did John R. Sondley have title to this land during coverture? It is admitted that he had a deed regularly executed and delivered, by and from the former owner, founded upon a sufficient and valuable consideration. There can be no doubt, that by the execution and delivery of this deed title to the land passed to John R. True, under the recording act, he was liable to lose the land, unless the deed was recorded within the legal time, at the instance of subsequent creditors and purchasers of his grantor. But in the mean time it cannot be doubted that his title was good, certainly good as between him and his grantor, and also sufficient to raise an inchoate right to dower in his wife, to become perfect upon her surviving him. We mean to say, that certainly between the execution of the deed and the time for recording, the title of John R. was complete as between him and his grantor. This was during the coverture, and it was sufficient for the inchoate right of the wife to attach.

It is said, however, that the failure to record on the part of the husband defeated his title as to subsequent creditors and purchasers, and that thereby the dower was also defeated. We do not see, however, that the conclusion claimed necessarily follows, even though the first position be correct. Such a rule, besides putting the wife at the mercy of her husband in the matter of her dower, would make her responsible for failing to do an act which she had no power to do. She is not the custodian of the deeds of her husband. Nor has she any authority to superintend or direct their record. Her claim to dower is a legal claim, derived to her by operation of law, attaching upon the existence of certain facts; and after it has once attached, even inchoately, no acts of her husband, either of omission or commission, can defeat it. We think the judgment in the case of *Pickett* v. *Lyles* (5 *S. C.*, 275) was right, both upon the ground upon which the majority put it, and also upon that upon which Willard, A. J., rested his separate opinion, which covers the case at bar exactly.

As to the plea of a *bona fide* purchaser for a valuable consideration without notice, what was said in *McMorris* v. *Webb* (17 *S. C.*, 563), is sufficient. "The plea of purchaser for valuable consideration without notice is equitable in its character, and has no proper application to a claim purely legal like that of dower." *Citing Story Eq.*, § 630.

It is the judgment of this court, that the judgment below be affirmed. Let this judgment be certified to the Probate Court for Newberry County for such further proceeding as may be necessary.